IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGEL RODRIGUEZ SANCHEZ<br>856 Preston Road<br>Red Oak, TX 75154<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES DRUG ENFORCEMENT<br>ADMINISTRATION<br>8701 Morrissette Drive<br>Springfield, VA 22152<br><br>   Defendant. | Civil Action No.  1:25-cv-222 |

## **COMPLAINT**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., to compel the United States Drug Enforcement Administration ("Defendant" or "DEA") to comply with a FOIA request filed by Plaintiff Angel Rodriguez Sanchez ("Plaintiff" or "Mr. Rodriguez") on or about April 5, 2021 (the "Request").

2. The Plaintiff, while conducting legitimate activities, entered a warehouse area that was under DEA surveillance and was arrested by the DEA. Although he was quickly cleared with no charges filed, the DEA's refusal to provide documentation of this incident caused the United States Citizenship and Immigration Services ("USCIS") to deny him lawful admission for permanent residence as USCIS requires reports of all law enforcement encounters before deciding whether to grant such admission.

3.      In response to the Request, Defendant withheld responsive records citing to 5 U.S.C. § 552(b)(7)(A), the law enforcement exemption. Defendant's withholding of the responsive records was affirmed on administrative appeal.

4.      Through this lawsuit, Plaintiff seeks to compel Defendant to produce the arrest report so that it may be provided to USCIS.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6.      This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

7.      Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

8.      Plaintiff submitted a FOIA request to Defendant through his attorney on or about April 5, 2021. Plaintiff requested the arrest report to comply with the requirements of USCIS. He has a compelling need for, and a vital interest in, the information sought in the Request.

9.      Defendant is a component agency of the Department of Justice. Defendant is an "agency" as defined in 5 U.S.C. § 552(f)(1). Defendant has possession, custody, and control over records responsive to the Request. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirement of the FOIA.

## STATEMENT OF FACTS

10.     On or about April 18, 2020, Plaintiff was arrested in Detroit, Michigan by the DEA because he stepped into the middle of a DEA surveillance operation. Plaintiff was questioned, fingerprinted, and immediately released by the DEA. The DEA quickly discovered he was not involved in any unlawful activity.

11.     On June 11, 2021, Plaintiff applied for lawful admission for permanent residence with USCIS.

12.     Plaintiff disclosed the April 18, 2020 arrest to USCIS. On December 14, 2021, USCIS requested the DEA arrest report and court disposition.

13.     On or about April 5, 2021, Plaintiff, through his lawyers, submitted the Request to Defendant to obtain the arrest report or any record related to his arrest. Defendant confirmed receipt of the Request and assigned the Request case number 21-00224-P.

14.      On May 10, 2022, Defendant denied the Request stating, "we are withholding records that may be responsive to your request under 5 U.S.C. § 552(b)(7)(A)."

15.     On May 16, 2022, USCIS issued a second request for evidence explicitly requesting that Plaintiff produce the certified arrest report of DEA Detroit Case MIDEA0100.

16.     On May 23, 2022, Plaintiff submitted an administrative appeal, No. A-2022-01371, of the denial further explaining that he needed only the arrest report.

17.     On July 15, 2022, Defendant's denial of the Request was affirmed, citing that disclosure was exempt under 5 U.S.C. § 552(b)(7)(A).

18.     On August 15, 2022, Plaintiff's application for lawful admission for permanent residence was denied because he failed to provide the arrest report.

19.     On June 26, 2024, Plaintiff sent a request to the Office of Government Information Services ("OGIS") to facilitate dispute resolution to avoid filing this action.

20.     On July 16, 2024, the OGIS stated that it could not offer any assistance to Plaintiff.

21.     Defendant has violated the FOIA. Plaintiff is not, and never was, the subject of any enforcement proceeding. Records of the U.S. District Court for the Eastern District of Michigan reveal that no criminal case was filed against Plaintiff.

22.     Plaintiff has exhausted all administrative remedies to obtain the necessary record. There is no other mechanism to compel Defendant to release the record to Plaintiff.

23.     Plaintiff has been harmed by Defendant's failure to produce the requested record. He was denied lawful admission for permanent residence as a result of the DEA's violation of the FOIA.

## CAUSES OF ACTION

## COUNT ONE

### Violation of the Freedom of Information Act, 5 U.S.C. § 552(a)(3)(A)

### Improper Withholding of Records

24.     Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above.

25.     Defendant is improperly withholding agency records by failing to produce non-exempt records in response to the Request.

26.     Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Plaintiff's FOIA request.

27.     Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

28.     Defendant's failure to disclose all responsive records violates their statutory obligation to make requested records promptly available. 5 U.S.C. § 552(a).

## COUNT TWO

### Violation of the Freedom of Information Act, 5 U.S.C. § 552(a)(8)(A)(ii)

### Failure to Produce Segregable Records

29.     Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above.

30.     Defendant is improperly withholding agency records by failing to segregate and produce non-exempt records in response to Plaintiff's FOIA request.

31.     Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to Plaintiff's FOIA request.

32.     Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

33.     Defendant's failure to disclose all responsive records violates their statutory obligation to make requested records promptly available. 5 U.S.C. § 552(a).

## ATTORNEYS' FEES

34.     Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above.

35.     Plaintiff is entitled to recover his reasonable attorneys' fees and litigation costs in connection with this lawsuit pursuant to 5 U.S.C. § 552(a)(4)(E)(i).

## RELIEF REQUESTED

Plaintiff respectfully requests that this Court enter judgment on his behalf and:

a.  Declare that Defendant's failure to disclose the records responsive to the Request is unlawful and in violation of the FOIA;

b.  Order Defendant to expeditiously release and deliver all responsive, non-exempt records;

c.  Enjoin Defendant from improperly withholding responsive records;

d.  Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(e); and

e.  Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

*/s/ Roy Petty*

Roy Petty
Bar ID: TX0063
Roy Petty & Associates, PLLC
8700 N. Stemmons Fwy, Ste 101
Dallas, TX 75247
Tel. 214.905.1420
Fax 214.905.2010
roy@roypetty.com
Attorney for Plaintiff